UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DANTE BURT,

              Petitioner,

v.                                                      Case No. 09-CV-879
                                                            (08-CR-96)

UNITED STATES OF AMERICA,

              Respondent.
_____

## ORDER

On September 2, 2008, this court sentenced petitioner Dante Burt ("Burt") to a total term of 210 months on his convictions for armed bank robbery and conspiracy to commit armed bank robbery. (Case No. 08-CR-96). Burt did not pursue an appeal. Instead, he filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on September 11, 2009.

Rule 4 of the Rules Governing § 2255 proceedings requires the court to screen a prisoner's petition to determine whether he states a claim upon which § 2255 relief can be granted. The rule, in relevant part, reads:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading...

Rule 4, Rules Governing § 2255 Proceedings. Therefore, the court now conducts the initial screening of Burt's motion.

First, this court must verify that the petitioner filed his motion within the time period allowed by the habeas statute. Section 2255 imposes a one-year limitation for the filing of a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). The limitation period starts to run from the latest of the following dates: 1) the date on which the judgment of conviction becomes final; 2) the date on which the state impediment preventing the movant from making the motion is removed; 3) the date on which the right asserted was initially recognized by the Supreme Court; or 4) the date on which facts supporting the claim could have been discovered through the exercise of diligence. *Id.*

Burt's petition appears timely filed, but only by a matter of days. Burt chose not to pursue an appeal from his conviction and sentence. Therefore, the one-year habeas period began to run on Burt's § 2255 petition after the 10-day period for filing a direct appeal had expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The court sentenced Burt on September 2, 2008, and filed the judgment in his case on September 5, 2008. (See Docket ##'s 29, 31). The limitations period began running 10 business days later. Thus, Burt's filing on September 11, 2009, is less than one year after the period for seeking review on appeal expired and renders his petition timely filed.

Next, the court must verify that Burt's claims are not procedurally defaulted. A petitioner must raise his claims during appeal and cannot raise them for the first time in a habeas petition because "habeas review is an extraordinary remedy and

will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations and internal quotation marks omitted). A district court may not consider the merits of a § 2255 motion if the defendant does not raise the issues in a direct appeal, unless the petitioner can show good cause and actual prejudice resulting from the failure. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

Burt raises two grounds for relief in his § 2255 petition. First, Burt alleges that the court illegally enhanced his sentence based on a "prior conviction that was outside of the provisions of the sentencing guidelines." (Pet. 6). However, Burt never raised this issue on appeal and fails to make a showing of good cause for his failure to raise it earlier. Indeed, he makes no attempt to explain why he did not assert this claim in a direct appeal. Further, Burt was aware of the fact that the court relied upon on a prior conviction at the time the court imposed sentence. This is not newly-discovered information. Consequently, Burt's claim is procedurally defaulted because he failed to raise it on direct review.

Burt's second claim is not subject to the same standard and survives the Rule 4 screening. Burt raises ineffective assistance of counsel as a second grounds for relief. Specifically, Burt alleges that his counsel failed to protect him from the illegal sentencing enhancement. While a petitioner must generally raise all issues on appeal to avoid procedural default, an ineffective assistance of counsel claim may be brought in a § 2255 petition regardless of whether the claim was raised on appeal. *Masarro v. United States,* 538 U.S. 500, 504 (2003). Further, ineffective

-3-

assistance of counsel is a cognizable claim under § 2255. *Guinan v. United States*, 6 F.3d 468, 472 (7th Cir. 1993).

Burt's ineffective assistance of counsel claim survives, however, the court requires responses from the government and Smith's counsel at sentencing, Michael Hicks, before it can render a decision on the merits. The court will set forth deadlines for these responses.

Accordingly,

**IT IS ORDERED** that ground one of Burt's petition be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Attorney Michael Hicks is to file an affidavit with the court **within 45 days** of this order regarding the claims Burt sets out in ground two of his petition, ineffective assistance of counsel;

**IT IS FURTHER ORDERED** that the government shall file a response to Burt's petition **within 60 days** of this order, specifically addressing the merits of ground two of the petition, ineffective assistance of counsel; and

**IT IS FURTHER ORDERED** that Burt shall file a reply **within 30 days** of the filing of the government's response.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge